UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                           Case No.: 8:21-cr-238-VMC-SPF

JOSE MINA-VENTE

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Jose Mina-Vente's pro se Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 152), filed on September 28, 2023. The United States of America responded on October 19, 2023. (Doc. # 155). For the reasons that follow, the Motion is denied.

**I.   Background**

In February 2022, this Court sentenced Mina-Vente to serve 104 months' imprisonment after he pleaded guilty to conspiracy to possess with the intent to distribute cocaine while onboard a vessel subject to the jurisdiction of the United States. (Doc. # 64; Doc. # 103).

Now, Mina-Vente seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 152). The United States

1

opposes compassionate release. (Doc. # 155). The Motion is ripe for review.

## II. Discussion

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. <u>United States v. Jones</u>, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." <u>United States v. Alonge</u>, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances,

(4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

Here, assuming Mina-Vente has exhausted his administrative remedies, it appears that Mina-Vente is basing his argument on the "other reasons" or "unusually long sentence" categories of extraordinary and compelling circumstances. He argues that one of his co-defendants, whom he does not identify, received "a 60-month imprisonment sentence term." (Doc. # 152 at 3). According to Mina-Vente, this co-defendant was the captain of the vessel and so should not have received a lower sentence than Mina-Vente. (Id. at 2-3).

The Court is not persuaded by Mina-Vente's argument. As an initial matter, none of Mina-Vente's co-defendants received a 60-month sentence. Rather, his three co-defendants received sentences of 78-, 90-, and 97-months' imprisonment. (Doc. ## 106, 137, 140). Furthermore, none of these co-defendants was identified as the captain of the vessel, nor received a role enhancement for being captain. (Doc. ## 100, 118, 120). Indeed, based on information in Mina-Vente's presentence investigation report, Mina-Vente was likely the

3

captain of the vessel, although he did not receive any enhancement or upward adjustment of his sentence based on this. See (Doc. # 99 at 5) ("In response to questioning, Mina-Vente identified himself as the master of the GFV . . . According to the government, based on the totality of the evidence, including subsequent statements, there is not enough evidence to determine Mina-Vente was the actual captain of the vessel."). Nor has Mina-Vente otherwise shown that his sentence being the longest amongst his co-defendants was unfair so as to justify a sentence reduction.

Mina-Vente's reference to an alleged bed shortage in the Bureau of Prisons likewise does not establish an extraordinary and compelling circumstance. (Doc. # 152 at 2). As the United States correctly points out, Mina-Vente "does not allege he is without a bed, only that he is willing to give his bed to another inmate." (Doc. # 155 at 6). In short, Mina-Vente has not met his burden of establishing an extraordinary and compelling circumstance for compassionate release.

Finally, the Section 3553(a) factors do not weigh in favor of granting compassionate release at this time. Mina-Vente "was convicted and sentenced for participating in an extremely serious drug trafficking offense involving

4

exponentially more cocaine than is required to trigger the ten-year mandatory minimum term of imprisonment" — approximately 1,605 kilograms of cocaine. (Doc. # 155 at 8; Doc. # 99 at 5). Releasing him now, when he has served less than half of his sentence, would not reflect the seriousness of his crime, would not deter future crimes of this nature, and would undermine respect for the law. For all these reasons, the Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Jose Mina-Vente's pro se Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 152) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of August, 2024.

_VIRGINIA M. HERNANDEZ COVINGTON_
UNITED STATES DISTRICT JUDGE

5